# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM VINCENT BRADY,<br><br>Defendant. | Case No.:  3:98-cr-1527-BTM<br><br>**ORDER DENYING MOTION TO EXPUNGE**<br><br>**[ECF NO. 74]** |

    Defendant William Vincent Brady has filed a Motion to Expunge, inquiring if his prior conviction for transportation of illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) can be expunged.  (ECF No. 74 at 2.)  Mr. Brady was found guilty after a jury trial on October 29, 1998.  (ECF No. 44.)  The Court sentenced Mr. Brady to 27 months imprisonment and 2 years of supervised release (ECF No. 57), and terminated Mr. Brady's supervised release on November 30, 2001 (ECF No. 71). Mr. Brady writes that he recently retired after 22 years of employment with the City of Los Angeles, that since his conviction he has "not had any problems with the law," and that his time in federal custody "was instrumental in [his] life and helped [him] to change [his] ways and become a better person."  (ECF No. 74 at 1.)

The Ninth Circuit has "recognized two sources of authority by which courts may expunge records of criminal conviction: statutes and [the court's] inherent authority." *United States v. Crowell*, 374 F.3d 790, 792 (9th Cir. 2004). Where a statute governs, "Congress has set the conditions by which the courts may expunge records of federal convictions in particular cases." *Id.* Mr. Brady has not identified a statute that entitles him to expungement, and the Court has not located such a statute.

District courts also "possess ancillary jurisdiction to expunge criminal records" in "appropriate and extraordinary cases." *Id.* at 793. However, this ancillary jurisdiction "is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error." *Id.* This is because "the expungement of the record of a valid arrest and conviction usurps the powers that the framers of the Constitution allocated to Congress, the Executive, and the states." *Id.* District courts therefore "do not have the power 'to expunge a record of a valid arrest and conviction solely for equitable considerations.'" *Id.* (quoting *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000)).

The Court applauds Mr. Brady for his post-conviction accomplishments and commends him for his impressive career in public service. But the Court is unfortunately unable to expunge a criminal record in order "to reward a defendant's rehabilitation and commendable post-conviction conduct." *Sumner*, 226 F.3d at 1014. Therefore, because the Court lacks authority to expunge Mr. Brady's criminal record, the Motion to Expunge is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 24, 2025

Honorable Barry Ted Moskowitz
United States District Judge